IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT S. MILTON,

        Plaintiff,                    CV F 04 5556 AWI WMW P

    vs.

C/O LAWTON, et al.,               ORDER REGARDING MOTION TO DISMISS

        Defendants.             (Document #21)

_____/

        Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and 12(b)(6).  Plaintiff has opposed the motion.

        Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison.  Plaintiff names as defendants Correctional Sergeant E. Lawton and Correctional Sergeant R. Beer.  Plaintiff claims that defendants subjected him to excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

        The allegations of the complaint, taken as true, indicate that on August 30, 2002,

1

plaintiff was housed in the Security Housing Unit (SHU), which requires escort to and from the showers.  On that date, plaintiff refused to leave the shower until he was able to speak to somebody about the conduct of C/O DoConto.  Plaintiff was concerned about "misuse of authority in disrespecting inmate's property."

Both Sgt. Lawton and Sgt. Beer responded.  Plaintiff specifically alleges that "both sgts responded by spraying inmate directly in the face with the high powered canisters of O.C. pepper spray.  Sgt. E. Lawton and Sgt. R. Beer sprayed inmate who was trapped in a 3 foot by 6 foot shower in his face and body and crotch until canisters were empty." Comp. at 4:4-8.

Plaintiff further alleges that after he was placed in handcuffs. "Sgt. Beer grabbed inmate by his hair and stated, 'Do you still want to see the Lt., punk?'  I/M Milton responded 'yeah.'  Then Sgt. R. Beer while holding inmate by his hair, slammed I/M Milton's head into the wall splitting his forehead open." Id. at 4:16-19.

Liberally construed, the complaint states a claim for relief against defendants Beer and Lawton for excessive force.   The court directed service of process upon defendants. Defendants responded by this motion to dismiss.

Exhaustion

Defendants move to dismiss pursuant to 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 12(b) on the ground that plaintiff has failed to completely exhaust his available administrative remedies prior to filing suit. 42 U.S.C. 1997e(a) to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief

offered through administrative procedures." Id. at 1821.  In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies.  In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level.  The third formal level constitutes the Director's decision on appeal.  Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

The events that give rise to this lawsuit occurred on August 30, 2002.  As noted, this case proceeds on a claim of excessive force by defendants Lawton and Beer.   In support of their motion, defendants submit Exhibits A and B.  Exhibit A includes certified copies of a report using the inmate tracking system to track inmate grievances.   This report lists inmate grievances filed by plaintiff by plaintiff between July 24, 2002 and March 24, 2004.   On September 6, 2002, plaintiff filed a grievance regarding a program issue.   Plaintiff filed eight grievances in 2003 regarding staff complaints, property, living conditions and custody classification/other.

Exhibit B includes copies of various grievances filed by plaintiff between June 20, 2002 and March 22, 2004.   Defendants cite these grievances in response to plaintiff's contention that he tried, several times,  unsuccessfully to submit an inmate grievance concerning the incident at issue.   Plaintiff filed the following grievances:

Grievance  02-2456 filed on June 20, 2002 regarding correspondence with a female inmate at Valley State Prison for Women.

Grievance  02-2972 filed on July 19, 2002 regarding reading material in segregated housig.

Grievance  03-1814 filed on May 7, 2003 regarding receipt of copies of documents from a correctional officer.

Grievance  03-2831 filed on July 21, 2003 regarding inmate property.

Grievance 03-2586 filed on July 21, 2003 regarding compensation for damaged books.

3

Grievance 03-3141 filed on August 10, 2003 regarding receiving a copy of the weekly menu.

Grievance 03-3408 filed on September 7, 2003 regarding increasing the allotted shower time from 5 minutes to 10 minutes.

Grievance 03-3881 filed on September 28, 2003 regarding receipt of reading materials.

Grievance 03-3775 filed on September 16, 2003 regarding a return to double cell status.

Grievance 04-924 filed on March 21, 2004 regarding allegations of excessive force on March 17, 2004 by correctional officers not named as defendants in this action.

Grievance 04-1214 filed on March 22, 2004 regarding a move off of A yard in order to get away from Correctional Officer Munoz.

Plaintiff refers the court to Exhibit B to the complaint, in which he lists 13 separate attempts to file inmate grievances. Plaintiff lists the dates of each attempt, and indicates that a correctional officer refused to sign the receipt. Plaintiff does not submit any evidence to support his contention, nor does plaintiff attach any copies of the grievances at issue. In their reply to the opposition, defendants submit evidence that plaintiff did not submit grievances on the dates in question.

Attached to plaintiff's opposition is an inmate grievance, dated January 4, 2004, regarding the conduct at issue in this lawsuit. Plaintiff names defendants Lawton and Beer and refers to the pepper-spray incident on August 30, 2002. The date stamp indicates that the grievance was received on March 12, 2004.  The grievance was rejected at untimely, as indicated by a stamp, stating that the grievance is "Rejected per CCR 3084.3(c). That section provides for rejection of an appeal for various reasons, including timeliness.  Though plaintiff was able to filed numerous grievances in 2002 and 2003, he did not file a grievance of the conduct at issue in

this lawsuit until 2004.  There is no evidence that he pursuant the rejection of the grievance any further.

In <u>Ngo v. Woodford</u>, 403 F.3d 620 (9th Cir. 2005), the Ninth Circuit addressed the issue of an untimely appeal filed by a prisoner in a California State Prison.  In that case, the inmate filed an appeal that was rejected as untimely.   The inmate was advised by the Appeals Coordinator that this decision could not be appealed unless plaintiff argued that his appeal was in fact timely.   The Ninth Circuit reversed the district court, which held that only a decision at the third and final level of review exhausted the grievance process.   The Ninth Circuit reasoned that, because there was no process left, plaintiff had indeed exhausted the administrative remedies that were available to him.  Because plaintiff could no longer appeal the decision (he did not argue that his appeal was in fact timely), there was no further process available to him.   The court rejected the defendants' argument that the failure to comply with the applicable administrative filing requirements was equivalent to a failure to exhaust.

Here, plaintiff filed a grievance that is clearly untimely.   A review of the grievance indicates that plaintiff does not argue that his appeal is timely.   Pursuant to the Ninth Circuit's holding in <u>Ngo</u>, such a failure to comply with the administrative requirements is not, of itself, a failure to exhaust.   Defendants make no argument, or submit any evidence that, plaintiff has any administrative remedy available.   As noted in <u>Ngo</u>, defendants have the burden of rasing and proving a prisoner's failure to exhaust under the PLRA.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).   Absent evidence that an administrative remedy remains, plaintiff has exhausted his administrative remedies.

<u>State Law Claims</u>

Defendants argue that plaintiff's state law claims of assault and battery should be dismissed for failure to comply with the Tort Claims Act (Cal. Gov't Code §§ 810, et. seq.), which requires that a claim for money damages against employees of the California Department

of Corrections must be filed with the Victim Compensation and Government Claims Board. (Cal. Gov't Code §§ 945.6(c) and 950.6.  Defendants specifically argue that, pursuant to section 945.4, a timely presentation of a claim to the Victim Compensation and Government Claims Board and its rejection are required before plaintiff can maintain a tort claim for money damages. Plaintiff has made no such showing, and has failed to respond to defendants' argument.   The state law claim must therefore be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997 e(a) is DENIED.

2. Defendant's motion to dismiss the state law claims of assault and battery is GRANTED.

3. Plaintiff's state law claims of assault and battery are DISMISSED.

IT IS SO ORDERED.

**Dated:   September 27, 2005**          /s/ Anthony W. Ishii
0m8i78                                                              UNITED STATES DISTRICT JUDGE