1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. MILTON,<br><br>        Plaintiff,<br><br>v.<br><br>E. LAWTON, et al.,<br><br>        Defendants | **Case: 1:04-CV-05556-AWI-WMW**<br><br>**PRETRIAL ORDER**<br><br>**Telephonic Trial Confirmation Hearing:**<br>Date: September 15, 2008<br>Time: 3:30 p.m.<br><br>Motions In Limine Hearing:<br>Date: October 28, 2008<br>Time: 8:30 a.m.<br>Venue: Courtroom 2<br><br>Trial:<br>Date: October 28, 2008<br>Time: 9:00 a.m.<br>Venue: Courtroom 2 |

      This action proceeds on Plaintiff Robert S. Milton's original complaint filed on April 12, 2004. Plaintiff Milton, an inmate in the custody of the California Department of Corrections, brings this civil rights action against correctional officials for violations of his civil rights. Various court orders have been issued during the pendency of this action that have narrowed the remaining legal issue for trial to the following:

      1.    Whether Defendants Lawton and Beer used excessive force against Plaintiff in violation of the Eighth Amendment.

The parties have submitted pretrial statements. Having reviewed the statements and the remainder of the file, the court now issues the Pretrial Order.

**I. Jurisdiction and Venue**

The court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district.

**II. Jury Trial**

The parties in this action timely requested trial by jury. This action shall be tried by a jury of eight.

**III. Facts**

A. Undisputed Facts

a. At all times relevant to this suit, Plaintiff Milton was incarcerated at California State Prison Corcoran (Corcoran).

b. At approximately 5:00 p.m. on August 30, 2002, Plaintiff was inside a shower cell at Corcoran.

c. Defendant Lawson administered pepper spray to Plaintiff on August 30, 2002.

B. Disputed Facts

a. Whether Plaintiff refused several orders to submit to handcuffs and exit the shower cell.

b. Whether Plaintiff possessed inmate-manufactured weapons, a blow gun and darts, inside the shower cell.

c. Whether Plaintiff attempted to assault officers DoCanto, Aragon and Griem with inmate-manufactured darts.

d. Whether Plaintiff attempted to pass his inmate-manufactured weapons to inmate Archuleta.

      e.      Whether Defendant Lawton administered the pepper spray to prevent Plaintiff from passing weapons to another inmate.

      f.      Whether Defendant Beer pushed Plaintiff into a wall during the subject incident, splitting Plaintiff's forehead open after Plaintiff was handcuffed.

      g.      Whether Plaintiff was decontaminated for pepper spray and medically examined immediately after the subject incident.

      h.      Whether Plaintiff suffered any injuries during the subject incident.

      1. <u>Plaintiff's Additional Disputed Facts</u>

      a.      Whether the force used against Plaintiff was unnecessary and excessive.

      2. <u>Defendants' Additional Disputed Facts</u>

      a.      Whether Defendant Beer utilized O.C. Pepper Spray against Plaintiff.

C.  <u>Disputed Evidentiary Issues</u>

      1. <u>Plaintiff</u>

      a.      Plaintiff disputes whether his criminal history should be admissible during trial.

      b.      Plaintiff disputes whether his prison disciplinary history should be admissible during trial.

      c.      Plaintiff disputes whether California Disciplinary Report # COR-04B-02-08-0474 should be admissible during trial.

      d.      Plaintiff anticipates Defendants' disputing whether members of the jury should be permitted to view shower cell where incident took place.

      e.      Plaintiff anticipates Defendants' disputing whether members of the jury should be allowed to view and handle samples of the O.C. Pepper Spray dispensers and MK-9 O.C. Pepper Spray dispensers.

      2. <u>Defendants</u>

      a.      Defendants seek to preclude Plaintiff from testifying regarding a diagnosis, opinions, inferences, or causation.

1       b.     Defendants wish to preclude Plaintiff from offering any opinions or inferences to

2 be drawn from his medical records.

3       c.     Defendants seek to exclude evidence that Defendants used excessive force against

4 other inmates at Corcoran.

5       d.     Plaintiff seeks to offer a medical report prepared by Julian Kim, M.D. on August

6 30, 2002. (CR 76 p. 7.) A portion of that report states:

> I have noted some ecchymosis and a small subcutaneous hematoma on his forehead with slight abrasion with some blood. The patient claims that it was done by the officer. However, according to custody staff, it was reported that patient had been repeatedly banging his head on the walls in the shower and he was resisting therefore they had to spray him with pepper spray in order to bring him down here.
> (CR 1  P. 8.)

Defendants object to the last two sentences of the report on the grounds they lack foundation, are speculation, and hearsay without any exception.

      e.     Defendants seek to exclude evidence that Corcoran is a brutal prison and Plaintiff should be instructed to refrain from any statements such as "notorious Corcoran prison".

      f.     Defendant seeks to exclude introduction of Plaintiff's complaint, Defendants' motion to dismiss, Plaintiff's opposition to Defendants' motion to dismiss, and both parties reply briefs as exhibits.

Evidentiary issues cited by the parties in their pretrial statement can be addressed in motions in limine.

### D. Special Factual Information

Pursuant to Local Rule 16-281(b)(6), the following special factual information pertains to this action:

None applicable.

## IV. Relief Sought

      a.     Plaintiff seeks a declaratory relief confirming the violations of law which he

alleges in his complaint; compensatory damages in the amount of $100,000 commensurate with the civil rights violation injury to Plaintiff's forehead; compensatory damages in the amount of $100,000 commensurate with Plaintiff's pain and suffering; compensatory damages in the amount of $50,000 commensurate with Plaintiff's emotional trauma; punitive damages in the amount of $500,000 which are designed to punish the Defendants for their purposeful conduct against Plaintiff.  Plaintiff seeks injunction requiring Defendants to refrain from contact, threats and retaliation.  Plaintiff seeks transfer consistent with the Western Interstate Corrections Compact or the Interstate Corrections Compact.  In addition to the above relief sought, Plaintiff requests the court finalize any judgment.

   b.  Defendants pray for judgment in their favor with Plaintiff taking nothing.

## V.  Points of Law

  1. Excessive Force.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).
"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."

### 2.  Compensatory Damages.

A Section 1983 civil rights Plaintiff is "entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations" according to general tort principles applicable to the type of deprivation proved, including "compensation for economic harm, pain and suffering, and mental and emotional distress that results from the violations." Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir.1989).  The abstract violation of a constitutional right **may not** form the basis for Section 1983 damages.  Memphis Community School District v. Stachura, 477 U.S. 299, 308 (1986).

### 3.  Nominal Damages.

If the jury finds the plaintiff has proved his claim for violation of his constitutional rights, "nominal damages must be awarded 'as a symbolic vindication of [the plaintiff's] constitutional right' whether or not the constitutional violation causes any actual damage." George v. City of Long Beach, 973 F.2d 706, 708 (9th Cir. 1992) (quoting Floyd v. Laws, 929 F.2d 1390, 1401 (9th Cir. 1991)); Schneider v. County of San Diego, 285 F.3d 784, 794 (9th Cir. 2002). "If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive," Floyd, 929 F.2d at 1402-03, and the amount of actual damages a jury chooses to award, if any at all, is irrelevant to the plaintiff's entitlement to nominal damages, Schneider, 285 F.3d at 794-95; Floyd at 1402-03.

  4. Punitive Damages.

Punitive damages are available in section 1983 actions. <u>Dang v. Cross</u>, 422 F.3d 800, 807 (9th Cir. 2005) (citations omitted). "Punitive damages serve to punish the defendant for wrongful conduct and to deter the defendant and others from repeating the wrong." <u>Dang</u>, 422 F.3d at 810. The plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence, <u>id</u>. at 807, and an award of punitive damages is predicated on the plaintiff proving that the defendant's conduct was malicious, wanton, or oppressive, or in reckless disregard of the plaintiff's rights, <u>Smith v. Wade</u>, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986); <u>Dang</u> at 807-09.

## VI. Abandoned Issues

No party has abandoned any issues or affirmative defenses.

## VII. Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

  A. Plaintiff's Witnesses
   a. Robert S. Milton;
   b. Defendant Sgt. R. Beer; and
   c. Defendant Sgt. E. Lawton.

  B. Defendants' Witnesses
   a. Corr. Officer L. Aragon, Corcoran;
   b. Defendant Sgt. R. Beer, Corcoran;

1        c.        Cor. Officer M. DoCanto, Corcoran;

2        d.        Cor. Officer M. Escoto, Corcoran;

3        e.        Medical Technical Assistant G. Ferrell, Corcoran;

4        f.        G. Gharakhanian, M.D., Corcoran;

5        g.        Cor. Officer E. Griem, Corcoran;

6        h.        Cor. Lt. J. Hill, Corcoran;

7        i.        Cor. Officer M. Jorden, Corcoran;

8        j.        Defendant Sgt. E. Lawton, Corcoran;

9        k.        Assoc. Warden R. Lopez, Corcoran;

10       l.        Document Examiner Joe Merydith, State of California Bureau of Forensic

11                        Services;

12       m.       Lt. M. A. Melo, Corcoran;

13       n.        J. Pitts, M.D., Corcoran;

14       o.        Cor. Officer M. Quinonez, Corcoran;

15       p.        Cor. Officer T. Sheldon, Corcoran;

16

17        Defendants also state that they wish to call several unidentified Custodian of

18 Records for the CDC. Because defendants have not identified the name of the witness,

19 defendants may not offer substantive testimony from the witness. If defendants wish to offer the

20 unidentified witness solely to authenticate documents, defendants may use the witnesses

21 identified only by title for that limited purpose.

22

23 **VIII. Exhibits**

24        The following is a list of documents or other exhibits that the parties expect to

25 offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE

26 ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS

27 ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P.

28 16(e); Local Rule 16-281(b)(11).

<u>A. Plaintiff's Exhibits</u>

a. Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint in its entirety including all exhibits attached;

b. Defendants' Notice of Motion and Motion to Dismiss; Supporting Memorandum of Points and Authorities;

c. Plaintiff's Opposition to Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies;

d. Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss with all Attached Exhibits;

e. Plaintiff's Reply to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss;

f. A report by California Prison Focus titled, "Corcoran State Prison 2002-2004: Inside California's Brutal Maximum Security Prison".

g. Two (2) MK-46 O.C. Pepper Spray dispensers; and

h. One (1) MK-9 O.C. Pepper Spray dispenser.

<u>B. Defendants' Exhibits</u>

a. Darts from the subject incident;

b. Photographs of the darts;

c. Medical report of injury or unusual occurrence, dated August 30 ,2002;

d. Isolation Log, dated August 30, 2002;

e. Emergency room admission, dated 11:00 p.m. on August 30, 2002;

f. Physician's order, dated 11:25 p.m. on August 30, 2002;

g. Inmate request for interview to Warden Galaza, dated August 13, 2002;

h. Reverse side of inmate request for interview / Note from Plaintiff to Warden Galaza, dated August 13, 2002;

i. Memorandum from J. Hill, dated August 19, 2002;

j. Letter from Plaintiff to appeals coordinator, dated September 15, 2003; and

      k.      Plaintiff's notice of change of address, dated April 24, 2007.

### IX. Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions)

    A.   Plaintiff

    1.     Plaintiff plans on using all Defendants' answers to interrogatories and admissions at the trial.

    B.   Defendants

    1.     Portions of Plaintiff's deposition, dated January 18, 2007.

### X. Further Discovery or Motions

    A.   Plaintiff

    1.     Plaintiff requests copies of all 602s and civil lawsuits/complaints filed against both Defendants while they were employed by the California Department of Corrections and Rehabilitation.

    2.     Plaintiff requests that the Defendants present at trial 2 MK-46 O.C. Pepper Spray dispensers and 1 MK-9 O.C. Pepper Spray dispenser to be shown and presented to the members of the jury as the weapons of the Defendants during the incident of August 30, 2002.

    Discovery is now closed. If any party wishes to obtain additional discovery at this time, they must file a motion with the Magistrate Judge.

      Even though discovery is closed, all parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or becomes aware that an answer in a previous response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(2).

      If any party intends to file motions in limine, the procedure and time requirements are set forth below.

///

///

**XI.  Stipulations**

No party has requested a stipulation, and no party has offered to stipulate to any matter at issue.

**XII.  Amendments/Dismissals**

None other than those claims already resolved by the court.

**XIII.  Settlement Negotiations**

Plaintiff believes a settlement conference would be helpful.  Defendants do not expect that settlement negotiations between the parties, or a Court settlement conference under Local Rule 16-270 would be helpful.

**XIV.  Agreed Statement**

No party believes that a presentation of some or all of the evidence by agreed statement is feasible or advisable.

**XV.  Separate Trial Of Issues**

As is this court's custom, the issue of the amount of punitive damages will be bifurcated.

**XVI.  Impartial Experts - Limitation Of Experts**

Plaintiff requests that the district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed. . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Pursuant to Rule 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702.

The court finds that the legal issues involved in this action are not particularly complex. See Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Walker at 1071 (finding that the district court's decision to appoint an independent expert to assist the court in evaluating contradictory evidence about an elusive disease of unknown origin was appropriate); see also Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997) (trier of fact's determination of deliberate indifference not so complicated that an expert was required to establish pro se inmate's case). The decision whether or not to admit expert testimony does not rest upon the existence or strength of the expert's opinion but rather whether the expert testimony will assist the trier of fact in drawing its own conclusion as to a fact in issue. United States v. Rahm, 993 F.2d 1405, 1412 (9th Cir. 1993). Here, the court finds that the issues are not so complex as to require the testimony of an expert witness to assist the trier of fact. This action turns on which witnesses the jury chooses to believe.

In addition, plaintiff is proceeding in forma pauperis and is, presumably, unable to compensate an expert witness. Pursuant to Rule 706, the court has discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side. See Fed. R. Ev. 706(b). In instances such as this, where the government would likely bear the cost, the court should exercise caution. The court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis. The facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before this court.

**XVII. Attorneys' Fees**

None.

///
///
///

## XVIII. Further Trial Preparation

### A. Telephonic Trial Confirmation Hearing

A telephonic trial confirmation hearing is set for September 15, 2008, at 3:30 p.m. Counsel for Defendants is directed to arrange for telephone contact with Plaintif, and shall initiate the call to (559) 499-5669. At the telephonic hearing, the court will address any pretrial matter raised by the parties.

### B. Motions In Limine Hearing and Briefing Schedule

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party or parties, and filed with the court, by September 22, 2008. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party or parties, and filed with the court, by October 6, 2008.

If any party files a motion in limine, the court will hear and decide such motions on the morning of trial at 8:30 a.m.

Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.

C.  Duty of Counsel to Pre-Mark Exhibits

The parties are ordered to confer no later than August 29, 2008, for purposes of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2).  All of Plaintiffs' exhibits shall be pre-marked with numbers.  All of Defendants' exhibits shall be pre-marked with letters.

1. Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

   (a) Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff on Thursday, October 23, 2008, one for use by the Courtroom Clerk and the other for the court; and

   (b) One set for each counsel's own use.

   If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2. Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

   (a) Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

   (b) As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiffs' Exhibit 1 or Defendants' Exhibit A, and shall be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

   (c) Those exhibits to which the only objection is a lack of foundation shall be

1      marked appropriately, e.g., Plaintiffs' Exhibit 2 - For Identification, or
2      Defendants' Exhibit B - For Identification, and indexed in a column
3      entitled "Objection Foundation."
4  (d) Remaining exhibits as to which there are objections to admissibility not
5      solely based on a lack of foundation shall likewise be marked
6      appropriately, e.g., Plaintiffs' Exhibit 3 - For Identification or Defendants'
7      Exhibit C - For Identification, and indexed in a third column entitled
8      "Other Objection" on the offering party's index.
9  3. Each separate index shall consist of the exhibit number or letter, a brief
10     description of the exhibit, and the three columns outlined above, as demonstrated
11     in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
| --- | --- | --- | --- | --- |

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The court has no objection to counsel using copies. However, the copies must be legible. If any document is offered into evidence that is partially illegible, the court may sua sponte exclude it from evidence.

D. Discovery Documents

By Thursday, October 23, 2008, each party shall file a list of all discovery documents the party intends to use at trial. The list shall indicate whether each discovery document has previously been lodged with the Clerk. If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by Thursday, October 23, 2008.

E. Trial Briefs

The parties are directed to file and serve a Trial Brief by October 6, 2008. Local Rule 16-285. The parties need not include in the Trial Brief any issue that is adequately

addressed in a motion in limine, or in an opposition brief to a motion in limine.  Any response to a Trial Brief shall be filed and served by October 13, 2008.

### F.  Voir Dire

The parties shall file and serve proposed voir dire questions, if any, by 4:00 p.m. on October 23, 2008.

Further, in order to aid the court in the proper voir dire examination of the prospective jurors, counsel should lodge with the court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the lists is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

### G.  Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties by 4:00 p.m. on October 23, 2008.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process.  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

### H.  Proposed Jury Instructions

The parties shall file and serve proposed jury instructions by 4:00 p.m. on October 23, 2008, along with a copy of the instructions on a 3-1/2 inch computer disc, preferably formatted for WordPerfect 10.

All proposed jury instructions shall be in duplicate.  One set shall indicate the party proposing the instruction, with each instruction numbered or lettered, shall cite supporting authority, and shall include the customary "Given, Given as Modified, or Refused," showing the court's action with regard to each instruction.  The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, instruction number or letter, supporting authority, or reference to the court's disposition of the proposed instruction.

The parties are ordered to confer after the trial confirmation hearing to determine

which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a list of joint, unopposed instructions.  As to those instructions to which the parties dispute, the court will conduct its jury instruction conference during trial at a convenient time.

### I.  Proposed Verdict Form

The parties shall file and serve a proposed verdict form by 4:00 p.m. on October 23, 2008.

### J.  Use Of Videotape and Computers

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by 4:00 p.m. on October 23, 2008.  If a written transcript of audible words on the tape is available, the court requests that the transcript be lodged with the court, solely for the aid of the court.

If counsel intends to use a laptop computer for presentation of evidence, they shall contact the courtroom deputy clerk at least one week prior to trial.  The courtroom deputy clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the court's audio/visual equipment.  If counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

### K.  Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well. The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

L. Order Of Witnesses

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call at each trial session.

## XIX.  Objections to Pretrial Order

Any party may, within ten (10) calendar days after the date of service of this Order, file and serve written objections to any of the provisions of this Order.  Such objections shall specify the requested modifications, corrections, additions or deletions.

## XX.  Miscellaneous Matters

## XX.  Rules of Conduct During Trial

A.  General Rules

1. All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.
2. All oral presentations shall be made from the podium, unless otherwise permitted by the court.
3. Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.
4. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

B.  Jury Selection

1. The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief

direct questioning by counsel.

C.  Opening Statements

1. Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

D.  Case in Chief

1. Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.
2. At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

E.  Witnesses

1. Before approaching a witness, counsel shall secure leave of court to approach the witness.
2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

F.  Exhibits

1. All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.
2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.
3. The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

G.  Objections

1. No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the court will

1        rule based upon the ground(s) stated.  The court will permit counsel to argue the

2        matter at the next recess.

3    2.    The court will not assume that any objection made also implies with it a motion to

4        strike an answer that has been given.  Therefore, counsel who has made an

5        objection, and who also wishes to have an answer stricken, shall also specifically

6        move to strike the answer.

7    H.  Closing Argument

8    1.    Counsel may use visual aids in presenting the closing argument.  However, any

9        proposed visual aids shall be shown to opposing counsel before closing argument.

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

Dated:   August 20, 2008                  /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE