**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT S. MILTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. LAWTON, et al.,<br><br>　　　　Defendants | Case: 1: 04-CV-05556-AWI-WMW<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE AN APPEAL (DOCUMENT # 77) |

　　　　Plaintiff is proceeding in pro se with a civil rights action in which he alleges prison guards used excessive force upon him.  The case is set for trial to be held on October 28, 2008.

　　　　On June 8, 2007, the Magistrate Judge denied the last of a series of motions for the appointment of counsel.  On March 3, 2008, Plaintiff filed a motion for leave to appeal the courts' denial of counsel.

　　　　As a general rule, appeal may be had only from final judgments. 28 U.S.C. § 1291; Midland Asphalt Corp. v. United States, 489 U .S. 794, 798 (1989).  However,  28 U.S.C. § 1292(b) allows for the appeal of an interlocutory order.   Section 1292(b)  provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided,*

*however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The party seeking certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances. <u>Coopers & Lyband v. Livesay</u>, 437 U.S. 463, 474-75 (1978). The Ninth Circuit has listed the requirements for certification as: (1) that there is a controlling question of law; (2) that there are substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. <u>In re Cement Antitrust Litigation</u>, 673 F.2d 1020, 1026 (9th Cir. 1982). "[A]an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." <u>Kuehner v. Dickinson & Co.</u>, 84 F.3d 316, 319 (9th Cir. 1996). A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. <u>Mateo v. M/S Kiso</u>, 805 F.Supp. 792, 800 (N.D.Cal.1992).

To succeed in his motion, Plaintiff must show that there is substantial ground for difference of opinion on whether the court should appoint counsel. There is no constitutional right to counsel in a civil case. <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981). Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989). The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir.1986).

  Plaintiff has failed to make a showing that statutory grounds exist to allow an appeal of the denial of counsel at this time.   Plaintiff appears able to present his claims adequately, and the issues at this stage of the case are issues of fact.   At issue is whether Defendants used excessive force upon Plaintiff.   This disputed issue of fact is ready to be tried by a jury, and any further proceedings in this action do not involve issues of law that are novel or complex.  Plaintiff has filed numerous motions and documents throughout this action, and these motions are articulate and organized.   Plaintiff is correct that he would be better served by the assistance of counsel, and the court is not unsympathetic to Plaintiff's desire for counsel.  However, the Ninth Circuit has recognized that "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." <u>Rand</u>, 113 F.3d at 1525.   Thus, the court declines to grant Plaintiff's motion to file an interlocutory appeal.

  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for leave to file an appeal is denied.

IT IS SO ORDERED.

Dated:  **August 20, 2008**      <u> /s/ **Anthony W. Ishii** </u>
                 CHIEF UNITED STATES DISTRICT JUDGE

3